IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HENRI JEAN-BAPTISTE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. DKC-15-188 |
| MONTGOMERY COUNTY,<br>  STATE ATTORNEY'S DOMESTIC<br>  VIOLENCE UNIT: CARLA AVENDANO,<br>PRE-TRIAL SERVICE DIVISION:<br>  CARMEN, SOLIS,<br>DEPT. OF HEALTH & HUMAN SERVICES:<br>  MARJA BOOKER,<br>THE COMMISSIONER'S OFFICE:<br>  ERIN CHU #6599,<br>SHERRIFF'S OFFICE:  DARREN POPKIN,<br>  BRUCE SHERMAN, JAMES JOHNSON,<br>PROBATION DEPT.: AGENTS A. FLETCHER<br>  and TAMICA SMITH,<br>POLICE DEPT: OFFICER GRUBIC and<br>  PO3 D. MITCHELL,<br>SHADY GROVE HOSPITAL,<br>ADVENTIST BEHAVIORAL HEALTH/<br>POTOMAC RIDGE, ROCKVILLE:<br>  LENORA NILANTHAI, WILTIER<br>  DOOLEY, WHITNEY ELLINGTON,<br>  SAMMA YOUSUFI, KUSH ARORA,<br>  VICKI JEAN-BAPTISTE, and<br>  MAHTEME SELASSIE | * | |
| Defendants | * | |

***
**MEMORANDUM OPINION**

The above-captioned case was filed on January 22, 2015, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because Plaintiff appears indigent, his motion shall be granted. The Complaint must be dismissed for the reasons stated herein.

Plaintiff was charged and convicted of criminal offenses stemming from an incident of domestic violence against his former wife, Defendant Vicki Jean-Baptiste. The Complaint

concerns his allegations that the charges against him were the result of an elaborate conspiracy[1] in violation of federal criminal laws and his constitutional rights. The Complaint was filed pursuant to 42 U.S.C. § 1983. ECF No. 1.

Defendants Montgomery County, Shady Grove Hospital, and Adventist Behavioral Health are not amenable to suit under § 1983 as they are not "persons" within the meaning of the statutory language.[2] The Complaint as to those Defendants is dismissed.

Plaintiff seeks injunctions against two judges from the District Court of Maryland for Montgomery County, Stephen Johnson and Patricia Mitchell. ECF No. 1 at p. 2. He states the injunction against Judge Johnson is "for his personal diagnosis of bipolar disorder of plaintiff and for ignoring the Temporary Protective Order conditions." *Id*. As to Judge Mitchell, Plaintiff seeks to enjoin a conviction of telephone misuse. *Id*. The relief sought may not be granted by this court. This court is prohibited from granting "an injunction to stay the proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 22 U.S.C. § 2283. Additionally, judges enjoy absolute immunity for decisions and acts done in their capacities as judges. *See Forrester v. White*, 484 U.S. 219, 226– 27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits."). To the extent Judge Johnson summarized evidence presented to him that Plaintiff suffered bipolar

---

[1] The 24-page self-represented Complaint is difficult to follow as it is riddled with bald allegations, rambling accounts of conversations, and tangential accounts of seemingly unrelated events.

[2] "Every *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person with the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." 42 U.S.C. § 1983 (emphasis supplied).

disorder, his statement does not constitute a "diagnosis" and falls squarely within his function as a judge. The request for injunctive relief will be denied.

The claim against Assistant State's Attorney Carla Avendano must be dismissed as she is protected by prosecutorial immunity. Maryland's States Attorneys are quasi-judicial officers who enjoy absolute immunity when performing prosecutorial, as opposed to investigative or administrative functions. *See Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute immunity is designed to protect *judicial process*; thus the inquiry is whether prosecutor's actions are closely associated with judicial process. *See Burns v. Reed*, 500 U.S. 478 (1991). The decision as to "whether and when to prosecute" is "quasi-judicial." Therefore, the claims as to Avendano must be dismissed. *See Lyles v. Sparks*, 79 F.3d 372 (4th Cir. 1996).

In *Heck v. Humphrey*, 512 U. S. 477, 487 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Plaintiff was convicted of violating an order of protection issued as a result of domestic violence and was sentenced to serve 365 days; his conviction has not been overturned. *See State of Maryland v. Jean-Baptiste*, Case No. 4D00278324 (D. Md. for Mont. Co.), *see* http://casesearch.courts.state.md.us/inquiry. Plaintiff's claims against the parties[3] he asserts improperly prosecuted him on charges leading to that conviction must be dismissed without prejudice.

---

[3]   These parties include Plaintiff's former wife Vicki Jean-Baptiste; Erin Chu of the Commissioner's Office; Sherriff's Deputies Darren Popkin, Bruce Sherman, and James Johnson; and Police Officers A. Fletcher, Tamica Smith, Officer Grubic, and D. Mitchell.

With respect to the claims against the remaining parties,[4] the Complaint does not comply with the pleading requirements set forth in Fed. R. Civ. Proc. 8(a).  Factors to consider in determining Rule 8(a) compliance include the length and complexity of the complaint, *see, e.g., United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir.2003); whether the complaint was clear enough to enable the defendant to know how to defend himself, *see, e.g., Kittay v. Kornstein,* 230 F.3d 531, 541 (2d Cir. 2000); and whether the plaintiff was represented by counsel.  *See, e.g., Elliott v. Bronson*, 872 F.2d 20, 21-22 (2d Cir. 1989).  Although a complaint need not contain detailed allegations, the facts alleged must be enough to raise a right to relief above the speculative level and require "more than labels and conclusions," as "courts are not bound to accept as true a legal conclusion couched as a factual allegation."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

Further, under Fed. R. Civ. P. 8(a), a pleading which sets forth a claim for relief, shall contain "(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought…."  Moreover, each "allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).  "Threadbare recitals of the elements of a cause of action, supported by mere statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The instant Complaint is not a simple and concise statement of claims as to the remaining Defendants and, as such, it does not provide Defendants with adequate notice of the claims

---

[4] Marja Booker of the Department of Health and Human Services, Carmen Solis of Pre-Trial Service Division, Lenora Nilanthai, Wiltier Dooley, Whitney Ellington, Samma Yousufi, Kush Arora, and Mahteme Selassie.

asserted against them.  It is well-settled law that complaint allegations must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  *Swierkiewicz v. Sorema N. A*., 534 U.S. 506, 512, (2002) (internal quotation marks omitted).  The claims against Booker, Solis, Nilanthai, Dooley, Ellington, Yousufi, Arora, and Selassie must also be dismissed.

  A separate Order follows.


   February 3, 2015           /s/
Date                 DEBORAH K. CHASANOW
                    United States District Judge